Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-3984-19-I** _____

| | | |
|---|---|---|
| **RENE RAMIREZ AND IRMA RAMIREZ,** § § § | | IN THE DISTRICT COURT |
| *Plaintiffs,* § § | | |
| v. § § § | | HIDALGO COUNTY, TEXAS |
| **ALLSTATE TEXAS LLOYD'S,** § § § | | _____ JUDICIAL DISTRICT |
| *Defendant.* § | | |

### PLAINTIFFS RENE RAMIREZ AND IRMA RAMIREZ'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Rene Ramirez and Irma Ramirez, (hereinafter referred to as "Plaintiffs"), complaining of Allstate Texas Lloyd's, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiffs seeks monetary relief over $100,000.00.

### PARTIES

2. Plaintiffs, Rene and Irma Ramirez, are individuals residing in Hidalgo County, Texas.

3. Allstate Texas Lloyd's is a domestic insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, C T Corporation System, located at the following address: 1999 Bryan St. Ste 900 Dallas, TX 75201.

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 2 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

4. To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE and Plaintiffs hereby demand that upon answering this suit, that it answer in its correct legal name and assumed name.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6. The Court has jurisdiction over Defendant Allstate Texas Lloyd's because Defendant is a domestic insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Allstate Texas Lloyd's sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

7. Venue is proper in Hidalgo County, Texas, because the Property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiffs purchased a policy from Defendant Allstate Texas Lloyd's, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

9. The Policy was purchased to insure Plaintiffs' property, (hereinafter referred to as "the Property"), which is located at 4706 Rodriguez Street, San Juan, TX 78589.

10. Defendant Allstate Texas Lloyd's and/or its agent sold the Policy insuring the Property to Plaintiffs.

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3984-19-I**

11. On or about December 13, 2018, Plaintiffs experienced a severe weather-related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Allstate Texas Lloyd's. Plaintiffs subsequently opened a claim and Defendant Allstate Texas Lloyd's assigned an adjuster to adjust the claim.

12. Thereafter, Defendant Allstate Texas Lloyd's wrongfully underpaid Plaintiffs' claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiffs' claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiffs' loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs. Defendant's assigned adjuster failed to fully quantify Plaintiffs' covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiffs' claim and/or intentionally adjusted Plaintiffs' claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiffs are entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiffs' claim was intentionally and knowingly underpaid.

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 4 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

16. Defendant's assigned adjuster acted as an authorized agent of Defendant Allstate Texas Lloyd's. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Allstate Texas Lloyd's. Plaintiffs relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

17. Defendant Allstate Texas Lloyd's failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiffs for proceeds to be in an amount sufficient to cover the damaged Property.

18. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiffs, making various statements and representations to Plaintiffs that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiffs filed a claim under the Policy with the belief that the Property would be covered after a severe weather event – such as the one that damaged the Property.

19. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiffs.

20. As a result of Defendant's wrongful acts and omissions, Plaintiffs was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiffs with respect to these causes of action.

### AGENCY

21. Plaintiffs hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3984-19-I**

22. At all times material to this cause, all acts by Defendant Allstate Texas Lloyd's were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Allstate Texas Lloyd's and/or were completed in its normal and routine course and scope of employment.

23. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

24. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (*emphasis added*); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

25. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

26. Plaintiffs entrusted Defendant to properly adjust Plaintiffs' insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiffs of the severity of the Property damage. Defendant had and owed a duty to ensure that the damage to the

Case 7:19-cv-00382   Document 1-3   Filed on 11/06/19 in TXSD   Page 6 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

Property was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiffs' damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiffs suffered significant injuries.

27. Defendant Allstate Texas Lloyd's and its assigned adjuster had and owed a legal duty to Plaintiffs to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

> A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;
>
> B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;
>
> C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiffs' damages; and,

Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiffs, and were a proximate cause of Plaintiffs' damages.

28. When this case is tried, the evidence will show that Defendant Allstate Texas Lloyd's breached its duty to the Plaintiffs, and that Defendant Allstate Texas Lloyd's was negligent, as that term is defined and applied under the laws and statutes of the State of Texas; and that such breach of its duty and negligence was a proximate cause of the damages sustained by Plaintiffs.

## BREACH OF CONTRACT

29. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 7 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

30. Defendant Allstate Texas Lloyd's' conduct constitutes a breach of the insurance contract made between Defendant Allstate Texas Lloyd's and Plaintiffs. According to the Policy, which Plaintiffs purchased, Defendant Allstate Texas Lloyd's had the absolute duty to investigate Plaintiffs' damages and pay Plaintiffs policy benefits for the claims made due to the extensive storm-related damages.

31. As a result of the storm-related event, Plaintiffs suffered extreme weather-related damages. Despite objective evidence of weather related damages provided by Plaintiffs and their representatives, Defendant Allstate Texas Lloyd's breached its contractual obligations under the Policy by failing to pay Plaintiffs cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiffs has suffered additional actual and consequential damages.

## **VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

32. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Plaintiffs are "consumers" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because they are individuals who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

34. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 8 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiffs' claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiffs' claim (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiffs' damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

35. As described in this Original Petition, Defendant Allstate Texas Lloyd's represented to Plaintiffs that their Policy and Allstate Texas Lloyd's' adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiffs the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 9 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

36. As described in this Original Petition, Defendant Allstate Texas Lloyd's represented to Plaintiffs that their Policy and Allstate Texas Lloyd's' adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

37. By Defendant Allstate Texas Lloyd's representing that they would pay the entire amount needed by Plaintiffs to repair the damages caused by the weather-related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

38. Defendant Allstate Texas Lloyd's has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiffs to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

39. Defendant Allstate Texas Lloyd's' actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiffs the right to relief under § 17.50(a)(3).

40. Defendant Allstate Texas Lloyd's' conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

41. Plaintiffs are consumers, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Allstate Texas Lloyd's, to their detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiffs has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs now sues. All of the aforementioned acts, omissions, and

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 10 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

failures of Defendant are a producing cause of Plaintiffs' damages which are described in this Original Petition.

42. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiffs are entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

43. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiffs may show themselves to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

44. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

45. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

Case 7:19-cv-00382   Document 1-3   Filed on 11/06/19 in TXSD   Page 11 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D. Failing to affirm or deny coverage of Plaintiffs's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs (§ 541.060(a)(4));

E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G. Forcing Plaintiffss to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J. Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 12 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

K. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L. Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

46. By its acts, omissions, failures and conduct, Defendant Allstate Texas Lloyd's has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiffs, the insured and beneficiary, has a valid claim as a result of their detrimental reliance upon Defendant Allstate Texas Lloyd's' unfair or deceptive acts or practices. § 541.151(2).

47. Defendant's aforementioned conduct compelled Plaintiffs to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Allstate Texas Lloyd's and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiffs to file suit. § 542.003(5).

48. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Allstate Texas Lloyd's' actions and conduct were committed knowingly and

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 13 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

49. As a result of Defendant Allstate Texas Lloyd's' unfair and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiffs may show themselves justly entitled by law and in equity.

### BREACH OF THE COMMON LAW DUTY OF GOOD FAITH & FAIR DEALING

50. Plaintiffs hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51. From and after the time Plaintiffs' claim was presented to Defendant Allstate Texas Lloyd's, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim). Defendant's conduct proximately caused Plaintiffs injuries and damages.

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 14 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

52. For the breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiffs, and/or exemplary damages for emotional distress.

### KNOWLEDGE

53. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code.

### DAMAGES

54. Plaintiffs will show that all of the aforementioned acts, taken together or singularly, constitute the producing and/or proximate causes of the damages sustained by Plaintiffs.

55. For breach of contract, Plaintiffs is entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney's fees.

56. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing and/or intentional conduct of the acts complained of, Plaintiffs ask for three times Plaintiffs' actual damages. TEX. INS. CODE § 541.152.

57. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, interest on the claim at the rate of five (5) percent plus the interest rate determined under Section 304.003, Finance Code, per year, together with attorney's fees. § 542.060.

58. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 15 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

59. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

60. Plaintiffs seek monetary relief in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

61. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiffs are clearly entitled to the penalty interest damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

62. In addition, Plaintiffs are entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

63. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiffs request that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 16 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

64. Plaintiffs demand a jury trial, consisting of citizens residing in Hidalgo County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

65. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiffs request that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

### I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request that Defendant Allstate Texas Lloyd's, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

### II. REQUESTS FOR PRODUCTION

1. Please produce Allstate Texas Lloyd's' complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiffs' underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiffs in their attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Allstate Texas Lloyd's' claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiffs' claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 17 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiffs' underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiffs or Plaintiffs' home, regardless of whether Allstate Texas Lloyd's intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiffs, not limited to physical or audio recordings of all conversations between Plaintiffs and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiffs by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Allstate Texas Lloyd's and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Allstate Texas Lloyd's and its assigned adjuster, and all correspondence between Allstate Texas Lloyd's and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person Allstate Texas Lloyd's expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiffs' claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Allstate Texas Lloyd's or Allstate Texas Lloyd's' representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Allstate Texas Lloyd's or any of Allstate Texas Lloyd's' representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Allstate Texas Lloyd's' investigation.

5. Please state the following concerning notice of claim and timing of payment:

Case 7:19-cv-00382 Document 1-3 Filed on 11/06/19 in TXSD Page 18 of 19

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3984-19-I**

    a.    The date and manner in which Allstate Texas Lloyd's received notice of the claim;

    b.    The date and manner in which Allstate Texas Lloyd's acknowledged receipt of the claim;

    c.    The date and manner in which Allstate Texas Lloyd's commenced investigation of the claim;

    d.    The date and manner in which Allstate Texas Lloyd's requested from the claimant all items, statements, and forms that Allstate Texas Lloyd's reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.    The date and manner in which Allstate Texas Lloyd's notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiffs.

7. Has Plaintiffs' claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Allstate Texas Lloyd's anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiffs' claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Allstate Texas Lloyd's' document retention policy.

10. Does Allstate Texas Lloyd's contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Allstate Texas Lloyd's contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Allstate Texas Lloyd's contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiffs' claim evaluated? State what performance measures are used and describe Allstate Texas Lloyd's' bonus or incentive plan for adjusters.

## CONCLUSION

66. Plaintiffs pray that judgment be entered against Defendant Allstate Texas Lloyd's and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest,

Electronically Filed
9/11/2019 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3984-19-I

additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they be awarded all such relief to which they are due as a result of the acts of Defendant Allstate Texas Lloyd's, and for all such other relief to which Plaintiffs may be justly and rightfully entitled. In addition, Plaintiffs request the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show the themselves to be justly entitled.

Respectfully submitted,

/s/Heather Hall Melaas
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Heather Hall Melaas
State Bar No. 24089909
516 Heights Blvd
Houston, Texas 77007
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Heather@mma-pllc.com

**ATTORNEYS FOR PLAINTIFFS**